UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Residences at Century Park, ) | C/A No. 6:19-cv-3195-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Tyneisha Goston, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Tyneisha Goston ("Defendant"),[1] proceeding pro se and in forma pauperis, files this action purportedly to remove an eviction proceeding from a state magistrate court to this federal District Court. This matter is before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C. Having reviewed the pleadings filed in this case in accordance with applicable law, the undersigned concludes that this action should be summarily remanded to the state court.

## **BACKGROUND**

This matter arises from a state court eviction action filed in the East Greenville Summary Court at case number 2019-cv-23-10304388 against Defendant by her landlord, Residences at Century Park ("Plaintiff"). On November 12, 2019, Defendant filed a "Petition for Removal and Federal Stay of Eviction Pursuant to 28 USC 1441(B)" along with a Notice of Removal. [Doc. 1.] Defendant alleges that Plaintiff is attempting to collect a debt in violation of the Fair Debt Collection Practices Act of 1978 ("FDCPA") and that the

---

[1]Goston is the Defendant in the underlying state court proceedings that form the basis for this removal action. In her Notice of Removal, Goston identifies herself as the "Petitioner" and Residences at Century Park as the "Respondent." [Doc. 1.] Because this case is a removal action from the state court, the Court refers to Goston as the "Defendant" and to Residences at Century Park as the "Plaintiff."

state court action constitutes unlawful eviction proceedings in violation of the Uniform Commercial Code of 15 U.S.C. § 1692 ("UCC"). [*Id*. at 1–2.] Based on these allegations, Defendant contends that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a) and that removal is proper under 28 U.S.C. § 1441(b). [*Id*.]

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se pleadings. Defendant is proceeding in forma pauperis in this action pursuant to 28 U.S.C. § 1915, which authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Defendant's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, this case is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Defendant could prevail, it should do so, but the Court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Defendant's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear

failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Further, this Court possesses the inherent authority to review pro se pleadings to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleadings were not subject to the prescreening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted).

## **DISCUSSION**

Defendant purports to remove to this Court the eviction proceedings filed in the state court. However, this action is subject to summary remand because Defendant fails to demonstrate that this Court has federal subject matter jurisdiction over her claim.

**Removal Procedure**

As an initial matter, the undersigned notes that the statute governing the procedure for the removal of civil actions requires that the Notice of Removal must contain a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon Defendant. 28 U.S.C. § 1446. Defendant has failed to comply with the requirements under the removal statute because she has failed to file a copy of the

pleadings from the state court served upon her.[2] Failure to comply with the procedures for removal itself may warrant remand. *Nat'l Union Fire Ins. Co. v. Louth*, 40 F. Supp. 2d 776 (W.D. Va. 1999); *see also Ex parte Bopst*, 95 F.2d 828, 829 (4th Cir. 1938) ("[I]n removal proceedings the provisions of the removal statute must be strictly followed, and . . . procedural matters thus become jurisdictional."). Defendant did not attach any pleadings or process filed in the state court to her Notice of Removal. Thus, the action is subject to remand because Defendant failed to comply with the procedural requirements for removal. Nevertheless, it is clear from the filings in this case and the state court docket[3] that Defendant is attempting to remove an eviction action for failure to pay rent filed by Plaintiff.

**Jurisdiction**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may

---

[2]Although her Removal Petition states that "[a] copy of all process, pleadings and orders served upon defendant in the state court action is attached hereto as Exhibit 'A,'" Defendant failed to attach the documents. [Doc. 1 at 2.]

[3]It is appropriate for this Court to take judicial notice of the underlying state court action. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a litigant must allege facts essential to show jurisdiction in his pleadings, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). As such, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" A district court may sua sponte remand a case to state court based on lack of subject matter jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

Generally, federal district courts have original jurisdiction over two types of cases, referred to as (1) federal question cases, pursuant to 28 U.S.C. § 1331, and (2) diversity cases, pursuant to 28 U.S.C. § 1332. As discussed below, the allegations contained in Defendant's Notice of Removal and the causes of action in the underlying state court proceedings do not fall within the scope of either form of this Court's limited jurisdiction.

### *Federal Question Jurisdiction*

Here, Defendant appears to identify defenses or counterclaims under federal laws, specifically the UCC and FDCPA, and thus appears to remove this action based on this Court's federal question jurisdiction. Federal question jurisdiction arises from 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether a plaintiff's claims "arise under" the laws of the United

States, courts typically use the "well-pleaded complaint rule," which focuses on the allegations of the complaint. *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017) (citing *Aetna Health Inc. V. Davila*, 542 U.S. 200, 207 (2004)). "In other words, federal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'" *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 426 (4th Cir. 2003)). The removing defendant has the burden of establishing subject matter jurisdiction. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

In her Notice of Removal, Defendant alleges that federal question jurisdiction exists because this case involves violations of the UCC and the FDCPA. However, to the extent Defendant seeks federal question jurisdiction by way of defenses or counterclaims asserting federal law, such counterclaims do not allow removal of the action. *See Caterpillar*, 482 U.S. at 392 and *Holmes*, 535 U.S. at 831. Defendant's attempts to raise federal issues pursuant to the UCC or the FDCPA simply do not create federal jurisdiction because "actions in which [state court] defendants merely claim a substantive federal defense to a state law claim do not raise a federal question." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006). "The basis of federal question jurisdiction [ ] must appear upon the face of the state court complaint, and it cannot be supplied by reference to the answer or petition." *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936). Here, the underlying state court action involves eviction proceedings, which are purely state law claims. Accordingly, federal question jurisdiction does not exist in this case to consider Defendant's UCC and FDCPA claims.

6

***Diversity Jurisdiction***

Likewise, Defendant fails to plead any facts showing the diversity statute's requirements are satisfied. The diversity statute requires complete diversity of the parties and an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a). Defendant has not alleged facts showing that the amount in controversy requirement is met under the statute. Accordingly, the Court finds that the pleadings fail to satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a).

Thus, the Court finds Defendant has failed to allege facts to establish that this Court has subject matter jurisdiction over her claims under either federal question or diversity grounds, and, therefore, the action should be remanded to the state court for disposition.[4]

---

[4]Numerous courts have held that "a motion to remand is nondispositive and can be determined by a magistrate judge by final order." *City of Jackson, Miss. v. Lakeland Lounge of Jackson, Inc.*, 147 F.R.D. 122, 124 (S.D. Miss. 1993); *see also Richards v. Belcher*, No. 4:17-cv-1271-RBH-TER, 2017 WL 2177903, at *2 (D.S.C. May 18, 2017) (collecting cases). This is so because "a motion to remand is not specifically listed in Section 636(b)(1)(A) as a matter excepted from disposition by the magistrate judge" and because "remand does not reach the merits of the underlying dispute but instead decides only the question of whether removal to the federal court was proper." *City of Jackson, Miss.*, 147 F.R.D. at 124. In this case, Defendant has previously been put on notice that this District Court is without jurisdiction to resolve a state court eviction case. Indeed, Defendant filed a previous case in this Court, attempting to remove a state court eviction action on the same grounds as those in the present case. *See Goston v. Powers Properties LLC*, No. 8:18-cv-1265-TMC-JDA (D.S.C. May 8, 2018). In that case, the undersigned issued a Report and Recommendation, recommending sua sponte remand for lack of jurisdiction. The District Court adopted the Report and Recommendation and remanded the case. Thus, the undersigned concludes that issuing an Order to remand this case to the state court, rather than a Report and Recommendation, would serve the interests of justice and conserve judicial resources.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that this action be **REMANDED** to the East Greenville Summary Court. **IT IS FURTHER ORDERED** that the Clerk of Court shall not immediately certify this Order to the East Greenville Summary Court. Rather, if the parties fail to file an appeal or written objections to this Order within fourteen days after this Order is filed, the Clerk of Court shall then certify this Order to the East Greenville Summary Court. If, however, either party files an appeal or written objections to this Order, the Clerk of Court, at the end of the fourteen-day period, shall forward the case file and any appeal or objections to the assigned United States District Judge for final disposition.

**IT IS SO ORDERED**.

s/Jacquelyn D. Austin
United States Magistrate Judge

November 20, 2019
Greenville, South Carolina